## SUCCESSION OF CANONGE—The Third Municipality of New Orleans, Appellants.

The privilege given to the Municipalities of New Orleans, by sect. 7 of the statute of 20th March, 1840, to secure the payment of taxes due to them, exists but two years after

the taxes are due; and, in the absence of any proof of the period at which a tax became due, or of the time the assessment roll was furnished to the treasurer of the municipality, it wil be presumed that the roll was returned by the day fixed by law as the latest period for its return, and the tax will be considered as having become due from that day. Stat. 6th March, 1840, ss. 1, 8.

The rent reserved in a contract of *rente foncière* is a perpetual charge imposed on, and inherent in, the property itself, which follows it into whatever hands it may pass. C. C. 2757, 2758, 2763. The recourse of the owner of the rent, upon the property itself, for the payment of the rent, exists independently of the mortgage accorded to him by art. 2762 of the Civil Code. and cannot be affected by his omitting to record, or to reinscribe, in the office of recorder of mortgages, the contract by which the rent was reserved.

The action for arrearages of rent due under a contract of *rente foncière*, is prescribed by three years. C. C. 3503.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J. The judgment of the court was pronounced by

KING, J. The administrator of *Jeanne Amélie Canonge* presented a tableau of distribution of the succession of the deceased, the homologation of which was opposed by the Municipality No. 3, on the ground that the opponents had not been placed upon it as creditors for the taxes due for the years 1843 and 1844, and for arrearages of ground rent, both of which are claimed with privilege. The privilege for the tax of one of the years was allowed by the court below. The claim for arrearages of ground rent was refused. From this judgment the municipality has appealed.

There is an admission in the record, that the sums claimed both as taxes and ground rent are correctly stated in the account of the opponents. The only question which arises is, whether they are entitled to a privilege.

I. To secure the payment of taxes, the 7th section of the act of 20th March, 1840, p. 51, grants to the municipalities of New Orleans a special privilege on the property on which they are imposed, for two years from the time the taxes become due. In the absence of proof in the record, a difficulty presents itself in ascertaining at what time the taxes became due, which can only be removed by reference to the laws prescribing the duties of the assessors. The act of the 6th March, 1840, p. 29, ss. 1, 8, provides for the appointment of assessors for the city of New Orleans, to be made on the first monday of February of each year, and requires that those officers shall furnish, at the latest, on the first monday of October, to the treasurer of the municipality, a certified copy of the assessment roll. The taxes then become exigible. It has not been shown at what time this return was made. In default of proof it will be presumed that the officers accomplished their task, and made their return by the first monday of October, the time prescribed by law, and that the taxes for 1843 became due on that day, when, under the statute, prescription commenced to run. The claim of the opponents was not preferred until the 16th December, 1845, at which date the privilege for the tax of 1843 had been extinguished by prescription. It was correctly refused by the court below.

II. The succession of the deceased was the owner of a piece of property, subject to the payment of a ground rent to the municipality. The contract by which it was acquired appears to have been inscribed in the mortgage office about the day of its date in the year 1809, but not to have been subsequently renewed. It is contended that, by our Code, the rentor has, for the payment of his rent, a mortgage on the property, which must be inscribed in the mortgage office, in order to produce effect against third persons; and that, by the failure

of the municipality to reinscribe their mortgage, it has been prescribed, and re- SUCCESSION OF
course against the property for the payment of rent lost. CANONGE.

The rules of our Code which regulate the contract of rent, have been prin-
cipally derived from the French law, with but little modification in those of its
features which we have adopted. In France, as well as in Louisiana, it is of
the essence of the contract, that it conveys the property in perpetuity, that the
rent reserved is a charge imposed upon the property itself, which is inherent in
it, to which it is perpetually subject, and which follows it into whatever hands it
may pass. Civil Code, arts. 2752, 2757, 2758, 2763. Pothier, Contr. de Bail
à Rente, cap. 1, Nos. 1 to 5.

In France no mortgage is established in favor of of the rentor, but he may
exercise an action for the recovery of arrearages, which Pothier terms a kind of
hypothecary action, but which he distinguishes from that action properly so
called. The proceeding grows out of the nature of the contract itself, which
renders the estate subject to the rent the debtor of the rent. It is only called
by French commentators an hypothecary action, from its resemblance to that
proceeding in some of its most important consequences. Pothier, Contr. de Bail
à Rente, Nos. 90, 91.

The provisions of the French law which give rise to this action are believed
to be identical with those of our Code. A similar proceeding, by whatever
name it may be known, results necessarily from those provisions of our law,
which declare the rent reserved to be a charge imposed on the property, to which
it is perpetually subject, and which follows it into whatever hands it may pass.
A recourse upon the property itself, which is the debtor, for the payment of the
rent, exists independently of the right of mortgage accorded to the rentor by
art. 2762 of the Code.

It is probable that the authors of our Code intended, by the article last quoted.
to place this contract on the same footing on which it stands in France, by giv-
ing to the rentor a right of proceeding against the property subject to the rent,
as in cases of hypothecated property, instead of granting a mortgage on the
estate. Be this as it may, the legislature has given another right, equivalent in
many respects to that of mortgage, in others superior, for the purpose of secu-
ring the rents due.

The probate judge erred, in our opinion, in rejecting the claim of the oppo-
nents for the last three years. The rents which had previously accrued had been
prescribed. Civil Code, art. 3503.

It is therefore ordered that so much of the judgment of the Probate Court
as rejected the claim of Municipality No. 3 for arrearages of rent charge, be
avoided and reversed. It is further ordered that said municipality be placed on
the tableau of distribution of the succession of J. A. Canonge, deceased, as a
creditor, for the sum of $622 44, being for arrearages of rent for the last three
years previous to the filing of the opposition, to be paid by preference out of the
proceeds of the sale of the property subject to the rent; that the tableau be
amended further, by deducting from the balance of $2,235 54, applied to the
judgment in favor of Alfred and Armand Mercier, the said sum of $622 44,
the claim of the Merciers being inferior to those of the heirs of J. A. Canonge,
and to the privileged claims. This leaves the sum of $1613 10 to be applied to
the payment of the claim of Alfred and Armand Mercier. The costs to be
paid by the succession, and to be deducted from the sum of $1613 10.

Grailhe, for the appellants. A. Canonge, contrâ.